JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-07750-JWH-PDx | Date | May 23, 2022 |
| Title | K. B. v. Arcadia Unified School District, et al. | | |

Present: The Honorable    JOHN W. HOLCOMB, UNITED STATES DISTRICT JUDGE

| Elsa Vargas | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:   ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [ECF No. 62] (IN CHAMBERS)**

Before the Court is the motion of Plaintiff Ze Yu Bei—also known as Kevin Bei ("K.B.")—a minor, by and through his guardian *ad litem* Tian Le Bei, for an order remanding this action to state court.[1] The Court finds this matter appropriate for resolution without a hearing. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support and in opposition,[2] the Court orders that the Motion is **GRANTED**, as set forth herein.

## I.    BACKGROUND

This case involves K.B.'s allegation that Defendant James O'Brien, a former physical education teacher, harassed and assaulted him.[3] K.B. commenced this

---

[1]    Pl.'s Mot. to Remand (the "Motion") [ECF No. 62].

[2]    The Court considered: (1) Third Am. Compl. (the "Third Amended Complaint") [ECF No. 71]; (2) the Motion (including its attachments); and (3) Defs.' Opp'n to the Motion (the "Opposition") [ECF No. 68].

[3]    *See* Third Amended Complaint ¶¶ 10-28.

action in Los Angeles County Superior Court in October 2019.[4] Nearly a year later, Defendant Arcadia Unified School District removed this case to this Court.[5]

In April 2022,[6] K.B. filed the instant Motion to remand, and Defendants opposed soon after. In May, K.B. filed the operative Third Amended Complaint alleging the following claims for relief: (1) negligence; (2) assault; (3) battery; (4) intentional infliction of emotional distress; (5) negligent infliction of emotional distress; and (6) a violation of the Bane Act, Cal. Civ. Code § 52.1.[7]

## II.   LEGAL STANDARD

Federal courts are courts of limited jurisdiction. Accordingly, "[t]hey possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). In every federal case, the basis for federal jurisdiction must appear affirmatively from the record. *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006). "The right of removal is entirely a creature of statute and a suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress." *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002) (internal quotation marks omitted). Where Congress has acted to create a right of removal, those statutes, unless otherwise stated, are strictly construed against removal jurisdiction. *See id.*

To remove an action to federal court under 28 U.S.C. § 1441, the removing defendant "must demonstrate that original subject-matter jurisdiction lies in the federal courts." *Syngenta*, 537 U.S. at 33. As such, a defendant may remove civil actions in which either (1) a federal question exists; or (2) complete diversity of citizenship between the parties exists and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331 & 1332. "Complete diversity" means that "each defendant must be a citizen of a different state from each plaintiff." *In re Digimarc Corp. Derivative Litigation*, 549 F.3d 1223, 1234 (9th Cir. 2008).

---

[4]   Motion 7:18-23; Opposition 3:3-4.

[5]   Def.'s Notice of Removal (the "Notice of Removal") [ECF No. 2].

[6]   Unless otherwise indicated, all subsequent dates are in 2022.

[7]   *See generally* Third Amended Complaint.

The right to remove is not absolute, even where original jurisdiction exists. In other words, the removing defendant bears the burden of establishing that removal is proper. *See Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("[t]he strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper" (quotation marks omitted)). Any doubts regarding the existence of subject matter jurisdiction must be resolved in favor of remand. *See id.* ("[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance").

### III. DISCUSSION

Arcadia Unified removed this action to this Court pursuant to 28 U.S.C. § 1331 in view of the second amended complaint's newly added federal claim under 42 U.S.C. § 1983, which invested this court with federal question jurisdiction.[8] The operative Third Amended Complaint, however, eliminates that claim.[9] K.B. thus argues that this Court no longer possesses subject matter jurisdiction over this case, and it therefore should be remanded.[10] Defendants agree that, without any remaining federal claims, this case should be remanded.[11] Indeed, the removal statute provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Because this Court lacks subject matter jurisdiction over this action, the Court **GRANTS** K.B.'s Motion to remand.

### IV. CONCLUSION

For the foregoing reasons, the Court hereby **ORDERS** as follows:

---

[8]   *See* Notice of Removal.

[9]   *See* Third Amended Complaint.

[10]   *See* Motion 11:8-12.

[11]   *See* Opposition 6:8-11 ("There are no federal claims in the proposed Third Amended Complaint. If the Court grants the plaintiff's motion for leave to amend the operative Complaint"—which the Court did—"defendants would then not oppose plaintiff's motion to remand . . . .").

1. K.B.'s instant Motion to remand is **GRANTED**. The hearing on the Motion set for May 27, 2022, is **VACATED**.

2. This action is **REMANDED** to Los Angeles County Superior Court.

**IT IS SO ORDERED.**